IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 25 CR 636-1 and 2 |
| | ) | |
| v. | ) | |
| | ) | |
| MARIMAR MARTINEZ and ANTHONY IAN SANTOS RUIZ, | ) | Chicago, Illinois |
| | ) | November 20, 2025 |
| Defendants | ) | 4:00 p.m. |

TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE GEORGIA N. ALEXAKIS

APPEARANCES:

| | |
|---|---|
| For the Government: | HON. ANDREW S. BOUTROS<br>UNITED STATES ATTORNEY<br>BY: MR. RONALD DE WALD<br>MR. AARON BOND<br>Assistant United States Attorney<br>219 S. Dearborn Street, 5th Floor<br>Chicago, Illinois 60604 |
| For Defendant Martinez: | CHERONIS & PARENTE LLC<br>BY: MR. DAMON M. CHERONIS<br>MR. CHRISTOPHER V. PARENTE<br>140 South Dearborn Street, Suite 404<br>Chicago, Illinois 60603 |
| For Defendant Ruiz: | FEDERAL DEFENDER PROGRAM<br>BY: MR. JACK CORFMAN<br>MR. BENJAMIN HORWITZ<br>55 East Monroe Street, Suite 2800<br>Chicago, Illinois 60603 |
| ALSO PRESENT: | MANDELL PC<br>BY: MR. STEVEN MANDELL<br>1 North Franklin Street, Suite 900<br>Chicago, Illinois 60606 |

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE

TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

APPEARANCES: (Continued)

Court Reporter: JENNIFER COSTALES, CRR, RMR, CRC.
Official Court Reporter
219 S. Dearborn Street, Room 1714
Chicago, Illinois 60604
(312) 435-5895
jenny.uscra@yahoo.com

(Proceedings heard in open court:)

THE COURTROOM DEPUTY: Case 25 CR 636, United States of America versus Marimar Martinez, United States of America versus Anthony Ian Santos Ruiz.

THE COURT: Good afternoon, everyone. Why don't we get appearances from the government.

MR. DE WALD: Good afternoon, Your Honor. Ron DeWald and Aaron Bond on behalf of the United States.

THE COURT: Good afternoon.

And for Ms. Martinez.

MR. PARENTE: Good afternoon, Your Honor. Chris Parente and Damon Cheronis for Ms. Martinez, who is present to our left.

THE COURT: And for Ruiz.

MR. HORWITZ: Good afternoon, Judge. Ben Horwitz and Jack Corfman on behalf of Mr. Ruiz.

THE COURT: Sir?

MR. MANDELL: Good afternoon, Your Honor. My name is Steve Mandell. I'm here on behalf of ABC News, American Broadcasting Companies. We were in the process of trying to file our appearance within the last hour.

The reason we're here is, I know it's unusual, but to ask the Court to consider granting us leave to intervene. We'd be filing a written motion for leave to intervene for purposes of seeking access to certain information in this

case, which we think is of critical importance to the public in light of what's going on, not only in this case, but in other cases pending in the Northern District of Illinois.

So I apologize that -- we were just contacted today in light of the government's motion. And so that's what we're seeking is just one day, we can get our papers on file. They're already in the process of being prepared. We can have them on file tomorrow.

THE COURT: What would be the basis for your intervention?

MR. MANDELL: Well, the press, as the eyes and ears of the public, have a right to know about certain information, and this case, I think, is filled with irregularities that raise questions about the government's conduct.

THE COURT: What information would you get from me?

MR. MANDELL: Well, I think there are, for example, body cam footage has been described.

THE COURT: But why would that intervention motion be filed with me as opposed to brought through a FOIA motion, through a FOIA case?

MR. MANDELL: Because the law in the Seventh Circuit is the press has a right to intervene in matters of public concern to seek information that is of public concern, provided that that information has an impact or was somehow involved in a court's decision or in this case the

government's decision to abandon a case abruptly.

So there are ways of seeking access to information besides FOIA. And one of them, for example, we've intervened in the Chicago Headliners Club case on behalf of the media in that case. So it's very common for the media to seek intervention in matters of public concern before the courts.

There is a presumptive right of access to information that is submitted to the courts for a decision or that persuades the court in just taking certain action.

THE COURT: I suppose my point is that I don't have any information that's not on the docket.

MR. MANDELL: Well, the fact that you didn't review specifically -- first of all, there is a protective order. I don't know exactly what the Court has reviewed, but --

THE COURT: I'm not a party to the protective order.

MR. MANDELL: Pardon me?

THE COURT: I'm not a party to the protective order.

MR. MANDELL: No, I understand. But to the extent the Court either reviewed, considered or was persuaded by some information in the case, whether it was submitted to Your Honor --

THE COURT: I have made no decisions in this case.

MR. MANDELL: You may not have made a decision. You're going to be asked to pass on the government's motion to abandon a case, a case that has --

THE COURT: This is not the appropriate time for you to be speaking. We are here on a motion to dismiss an indictment between the actual parties in the case.

If you want to file your motion to intervene after I rule on this motion, then I will take it under consideration at that time. All right.

MR. MANDELL: Could I just ask one thing? If you do rule on the motion, could it be subject to a later motion for intervention? I'm only concerned that maybe --

THE COURT: No. That is a legal argument that you will need to make at that time.

MR. MANDELL: Okay. Thank you, Your Honor.

THE COURT: I'm not delaying resolution of this case in order to permit a third party to hijack the proceedings.

MR. MANDELL: Well, Your Honor, with respect, I don't think that when --

THE COURT: I think you could have entered your appearance and I think you could have gotten your motion to intervene on time, on file before 4:00 p.m. today. And I don't think it is appropriate when there is a motion to dismiss an indictment pending in front of me, which is the matter at hand, for you to be making arguments that I haven't had the benefit of briefing on at this time.

MR. MANDELL: I understand, Your Honor.

THE COURT: Okay. So I'm going to deal with the

motion that is in front of me right now.

MR. MANDELL: Understood, Your Honor.

THE COURT: Thank you.

All right. So what I have in front of me is the government's motion to dismiss the indictment.

Actually, before I get -- before we leave Mr. Mandell, I should check in with the parties and see if anyone has a different view, starting with the government.

MR. DE WALD: No, Your Honor. We have no different view.

THE COURT: Mr. Parente.

MR. PARENTE: We would object to any delay for the Court to take in this matter.

THE COURT: I'm sorry, what do you mean by that?

MR. PARENTE: I think counsel is asking for you to delay the entry of whatever you are going to do today and/or give him more time to file a motion. We're objecting to any delay. We want this heard right now.

THE COURT: And what is the basis for that, Mr. Parente, your position?

MR. PARENTE: Our position is that, Your Honor, when you grant this motion, that the case is over and our client can go back to her normal life.

THE COURT: And for Mr. Ruiz.

MR. HORWITZ: We don't have any different position

than what's already been said by the Court, the government and Mr. Parente.

THE COURT: Okay. Thank you, Mr. Horwitz.

All right. So then turning my attention to the government's motion to dismiss the indictment. A question I have for the government is whether the dismissal would be with or without prejudice.

MR. DE WALD: So the defense counsels have both asked us about that. Your Honor, we are not seeking any tactical advantage here, but we do not intend to refile these charges and, therefore, we have no objection to that request by the defense.

THE COURT: That the dismissal be with prejudice?

MR. DE WALD: Correct.

THE COURT: Okay. All right. Anything else that we need to consider then before I grant the motion?

MR. DE WALD: Not from the government.

MR. PARENTE: We're officially moving that it be dismissed with prejudice. It sounds like there is no objection to that. And then we've spoken to the government, who has agreed to return Ms. Martinez's property.

MR. DE WALD: With the exception of her car at this time, but --

THE COURT: That's all subject to the parties' agreement?

MR. PARENTE: Well, once the case is gone -- yeah, I mean, the government has agreed to return the firearm, her phone, her keys. My understanding is that the vehicle is the subject of a separate investigation by another office. So we're okay with them doing -- we're happy about that, so.

THE COURT: You don't need Court --

MR. PARENTE: No.

THE COURT: You don't need me to make a decision is what you are saying?

MR. DE WALD: Correct.

THE COURT: All right. Mr. Ruiz, or counsel for Mr. Ruiz.

MR. HORWITZ: We'd join in the request for the case to be dismissed with prejudice. And we've already discussed Mr. Ruiz's property with the government.

THE COURT: Okay. All right. So not hearing any objection to the government's motion to dismiss the indictment, and not hearing any objection from the government that the dismissal be with prejudice, the matter will be dismissed as to both defendants with prejudice.

All deadlines, hearing dates, trial dates, et cetera, are vacated.

MR. PARENTE: Thank you, Your Honor.

MR. DE WALD: Thank you, Your Honor.

MR. CHERONIS: Thank you.

(Proceedings concluded at 4:07 p.m.)

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/JENNIFER COSTALES* November 21, 2025

_______________________ _____________________

Jennifer Costales, CRR, RMR, CRC Date
Official Court Reporter