# EXHIBIT C

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   UNITED STATES OF AMERICA      )  Case No. 25 CR 636-1 and 2
                                   )
 4           v.                    )
                                   )
 5   MARIMAR MARTINEZ and ANTHONY  )
     IAN SANTOS RUIZ,              )  Chicago, Illinois
 6                                 )  November 20, 2025
                    Defendants     )  4:00 p.m.
 7

 8             TRANSCRIPT OF PROCEEDINGS - MOTION
            BEFORE THE HONORABLE GEORGIA N. ALEXAKIS
 9
     APPEARANCES:
10   For the Government:    HON. ANDREW S. BOUTROS
                            UNITED STATES ATTORNEY
11                          BY:  MR. RONALD DE WALD
                                 MR. AARON BOND
12                          Assistant United States Attorney
                            219 S. Dearborn Street, 5th Floor
13                          Chicago, Illinois 60604

14   For Defendant          CHERONIS & PARENTE LLC
     Martinez:              BY:  MR. DAMON M. CHERONIS
15                               MR. CHRISTOPHER V. PARENTE
                            140 South Dearborn Street, Suite 404
16                          Chicago, Illinois 60603

17   For Defendant Ruiz:    FEDERAL DEFENDER PROGRAM
                            BY:  MR. JACK CORFMAN
18                               MR. BENJAMIN HORWITZ
                            55 East Monroe Street, Suite 2800
19                          Chicago, Illinois 60603

20   ALSO PRESENT:          MANDELL PC
                            BY:  MR. STEVEN MANDELL
21                          1 North Franklin Street, Suite 900
                            Chicago, Illinois 60606
22

23                         *   *   *   *   *
24
                 PROCEEDINGS REPORTED BY STENOTYPE
25
          TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

1        (Proceedings heard in open court:)
2            THE COURTROOM DEPUTY:  Case 25 CR 636, United States
3   of America versus Marimar Martinez, United States of America
4   versus Anthony Ian Santos Ruiz.
5            THE COURT:  Good afternoon, everyone.  Why don't we
6   get appearances from the government.
7            MR. DE WALD:  Good afternoon, Your Honor.  Ron DeWald
8   and Aaron Bond on behalf of the United States.
9            THE COURT:  Good afternoon.
10           And for Ms. Martinez.
11           MR. PARENTE:  Good afternoon, Your Honor.  Chris
12  Parente and Damon Cheronis for Ms. Martinez, who is present to
13  our left.
14           THE COURT:  And for Ruiz.
15           MR. HORWITZ:  Good afternoon, Judge.  Ben Horwitz and
16  Jack Corfman on behalf of Mr. Ruiz.
17           THE COURT:  Sir?
18           MR. MANDELL:  Good afternoon, Your Honor.  My name is
19  Steve Mandell.  I'm here on behalf of ABC News, American
20  Broadcasting Companies.  We were in the process of trying to
21  file our appearance within the last hour.
22           The reason we're here is, I know it's unusual, but to
23  ask the Court to consider granting us leave to intervene.
24  We'd be filing a written motion for leave to intervene for
25  purposes of seeking access to certain information in this

1  case, which we think is of critical importance to the public
2  in light of what's going on, not only in this case, but in
3  other cases pending in the Northern District of Illinois.
4      So I apologize that -- we were just contacted today
5  in light of the government's motion. And so that's what we're
6  seeking is just one day, we can get our papers on file.
7  They're already in the process of being prepared. We can have
8  them on file tomorrow.
9      THE COURT: What would be the basis for your
10 intervention?
11     MR. MANDELL: Well, the press, as the eyes and ears
12 of the public, have a right to know about certain information,
13 and this case, I think, is filled with irregularities that
14 raise questions about the government's conduct.
15     THE COURT: What information would you get from me?
16     MR. MANDELL: Well, I think there are, for example,
17 body cam footage has been described.
18     THE COURT: But why would that intervention motion be
19 filed with me as opposed to brought through a FOIA motion,
20 through a FOIA case?
21     MR. MANDELL: Because the law in the Seventh Circuit
22 is the press has a right to intervene in matters of public
23 concern to seek information that is of public concern,
24 provided that that information has an impact or was somehow
25 involved in a court's decision or in this case the

1 government's decision to abandon a case abruptly.

2 So there are ways of seeking access to information
3 besides FOIA. And one of them, for example, we've intervened
4 in the Chicago Headliners Club case on behalf of the media in
5 that case. So it's very common for the media to seek
6 intervention in matters of public concern before the courts.

7 There is a presumptive right of access to information
8 that is submitted to the courts for a decision or that
9 persuades the court in just taking certain action.

10 THE COURT: I suppose my point is that I don't have
11 any information that's not on the docket.

12 MR. MANDELL: Well, the fact that you didn't review
13 specifically -- first of all, there is a protective order. I
14 don't know exactly what the Court has reviewed, but --

15 THE COURT: I'm not a party to the protective order.

16 MR. MANDELL: Pardon me?

17 THE COURT: I'm not a party to the protective order.

18 MR. MANDELL: No, I understand. But to the extent
19 the Court either reviewed, considered or was persuaded by some
20 information in the case, whether it was submitted to Your
21 Honor --

22 THE COURT: I have made no decisions in this case.

23 MR. MANDELL: You may not have made a decision.
24 You're going to be asked to pass on the government's motion to
25 abandon a case, a case that has --

1  THE COURT: This is not the appropriate time for you
2  to be speaking. We are here on a motion to dismiss an
3  indictment between the actual parties in the case.
4  If you want to file your motion to intervene after I
5  rule on this motion, then I will take it under consideration
6  at that time. All right.
7  MR. MANDELL: Could I just ask one thing? If you do
8  rule on the motion, could it be subject to a later motion for
9  intervention? I'm only concerned that maybe --
10  THE COURT: No. That is a legal argument that you
11  will need to make at that time.
12  MR. MANDELL: Okay. Thank you, Your Honor.
13  THE COURT: I'm not delaying resolution of this case
14  in order to permit a third party to hijack the proceedings.
15  MR. MANDELL: Well, Your Honor, with respect, I don't
16  think that when --
17  THE COURT: I think you could have entered your
18  appearance and I think you could have gotten your motion to
19  intervene on time, on file before 4:00 p.m. today. And I
20  don't think it is appropriate when there is a motion to
21  dismiss an indictment pending in front of me, which is the
22  matter at hand, for you to be making arguments that I haven't
23  had the benefit of briefing on at this time.
24  MR. MANDELL: I understand, Your Honor.
25  THE COURT: Okay. So I'm going to deal with the

1 motion that is in front of me right now.

2 　　　　　MR. MANDELL:  Understood, Your Honor.

3 　　　　　THE COURT:  Thank you.

4 　　　　　All right.  So what I have in front of me is the
5 government's motion to dismiss the indictment.

6 　　　　　Actually, before I get -- before we leave
7 Mr. Mandell, I should check in with the parties and see if
8 anyone has a different view, starting with the government.

9 　　　　　MR. DE WALD:  No, Your Honor.  We have no different
10 view.

11 　　　　　THE COURT:  Mr. Parente.

12 　　　　　MR. PARENTE:  We would object to any delay for the
13 Court to take in this matter.

14 　　　　　THE COURT:  I'm sorry, what do you mean by that?

15 　　　　　MR. PARENTE:  I think counsel is asking for you to
16 delay the entry of whatever you are going to do today and/or
17 give him more time to file a motion.  We're objecting to any
18 delay.  We want this heard right now.

19 　　　　　THE COURT:  And what is the basis for that,
20 Mr. Parente, your position?

21 　　　　　MR. PARENTE:  Our position is that, Your Honor, when
22 you grant this motion, that the case is over and our client
23 can go back to her normal life.

24 　　　　　THE COURT:  And for Mr. Ruiz.

25 　　　　　MR. HORWITZ:  We don't have any different position