UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 25 CR 636 |
| v. | ) | |
| | ) | |
| MARIMAR MARTINEZ, et al. | ) | |
| | ) | The Honorable Georgia N. Alexakis |
| | ) | |
| | ) | |

# EXHIBIT A

```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   UNITED STATES OF AMERICA        )  Case No. 25 CR 636-1 and 2
                                     )
 4             v.                    )
                                     )
 5   MARIMAR MARTINEZ and ANTHONY    )
     IAN SANTOS RUIZ,                )  Chicago, Illinois
 6                                   )  November 25, 2025
                      Defendants     )  9:00 a.m.
 7

 8              TRANSCRIPT OF PROCEEDINGS - MOTION
          BEFORE THE HONORABLE GEORGIA N. ALEXAKIS
 9
     APPEARANCES:
10   For the Government:    HON. ANDREW S. BOUTROS
                            UNITED STATES ATTORNEY
11                          BY:  MR. RONALD DE WALD
                            Assistant United States Attorney
12                          219 S. Dearborn Street, 5th Floor
                            Chicago, Illinois 60604
13
     For Defendant          CHERONIS & PARENTE LLC
14   Martinez:              BY:  MR. CHRISTOPHER V. PARENTE
                            140 South Dearborn Street, Suite 404
15                          Chicago, Illinois 60603

16                          GALLAGHER LAW OFFICES LLC
                            BY:  MR. MICHAEL L. GALLAGHER
17                          161 North Clark Street, Suite 3050
                            Chicago, Illinois 60601
18
     For Defendant Ruiz:    FEDERAL DEFENDER PROGRAM
19                          BY:  MR. JACK CORFMAN
                                 MR. BENJAMIN HORWITZ
20                          55 East Monroe Street, Suite 2800
                            Chicago, Illinois 60603
21
     For Intervenors:       MANDELL PC
22                          BY:  MR. STEVEN MANDELL
                                 MR. BRIAN D. SAUCIER
23                          1 North Franklin Street, Suite 900
                            Chicago, Illinois 60606
24                          *    *    *    *    *
25             PROCEEDINGS REPORTED BY STENOTYPE
       TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

```
 1   Court Reporter:        JENNIFER COSTALES, CRR, RMR, CRC
                            Official Court Reporter
 2                          219 S. Dearborn Street, Room 1714
                            Chicago, Illinois 60604
 3                          (312) 435-5895
                            jenny.uscra@yahoo.com
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1 Executive Branch, the appropriate way to do that is through
2 the Freedom of Information Act or FOIA request, and that's the
3 appropriate channel here.
4     And so an argument that calling nonjudicial records
5 judicial records for the sake of disclosure or modifying an
6 existing protective order in place is not the appropriate
7 avenue here.
8     THE COURT: Okay. Mr. Mandell, can I just get a
9 point of clarification. Are the proposed intervenors only
10 seeking the body-worn camera?
11     MR. MANDELL: No, Your Honor. Thank you for bringing
12 that -- that's what I was going to say. We asked for the
13 body-worn camera footage, body cam footage, photographs and
14 any other material. This would raise specifically the text
15 messages, right. And I understand that some text messages
16 were made public, but there are a number of text messages that
17 the Court actually reviewed in camera that were not made
18 public on the record, and so we would be seeking those as
19 well.
20     THE COURT: So it's body-worn camera, photographs,
21 and text messages?
22     MR. MANDELL: Right. And any other information --
23     THE COURT: I need to know what you mean by "any
24 other information."
25     MR. MANDELL: Any other information the Court

1 considered, which I wouldn't --

2     THE COURT: Such as?

3     MR. MANDELL: I wouldn't know. But that's what I

4 know right now that the Court considered.

5     THE COURT: Why wouldn't you know?

6     MR. MANDELL: Well, I wasn't there with Your Honor to

7 know what --

8     THE COURT: Well, I mean, but you have access to the

9 docket. So what other information do you think I could have

10 considered?

11     MR. MANDELL: Whatever --

12     THE COURT: Just it's hard for me to assess the

13 merits of your motion if you're not going to be specific about

14 what it is you are trying to get access to.

15     MR. MANDELL: Okay. Well, then I would say obviously

16 the body cam footage, the text messages, any photographs that,

17 for example, were not included in the court file. And I

18 suppose that Judge McShain --

19     THE COURT: What's the court file?

20     MR. MANDELL: I'm sorry?

21     THE COURT: What's the court file? What court file

22 are you referring to?

23     MR. MANDELL: The court file as reflected on the

24 docket. So if there were information that were submitted

25 under seal that I'm not aware of because of what's on the

1  docket --

2  THE COURT: Okay. So you're looking for both a
3  modification of the protective order to get materials from the
4  parties themselves and you're seeking any materials that I
5  reviewed during the course of the case?

6  MR. MANDELL: Or any materials that were debated,
7  discussed in open court. For example, the body cam footage
8  was described specifically during the evidentiary hearing, so
9  were the text messages.

10  THE COURT: Well, what besides the body cam footage?
11  And if it's discussed in open court, then you should be able
12  to identify it with specificity for me.

13  MR. MANDELL: Right. So that would be the body cam
14  footage and the text messages.

15  THE COURT: Okay. All right. I should clarify for
16  the record, I think what I said last week was that I didn't
17  have anything in my possession. And, in fact, I do have in my
18  possession the text messages, the unredacted version of text
19  messages that the government tendered to me for in-camera
20  inspection.

21  I say that to clarify the record. I'm certainly not
22  the only person who possesses that information. But I just
23  wanted to clarify the record, that I do have those, the
24  unredacted version of the text messages in my possession.

25  Okay. So it's body cam footage, photographs, and

```
 1  text messages.
 2              MR. MANDELL:  Correct, Your Honor.
 3              THE COURT:  Okay.  All right.  Let me hear from
 4  Mr. Parente.
 5              MR. PARENTE:  Yes, Judge.  You know, we don't object
 6  to this necessarily, although if anything is released, we'd
 7  like it all released, so the video and the text messages.  We
 8  don't have the unredacted version.  We just have the ones Your
 9  Honor told us we can have.
10              THE COURT:  And can I just ask there, my last minute
11  entry directed the government to produce those additional text
12  messages promptly.  I just -- were they ever produced
13  before --
14              MR. DE WALD:  That afternoon.
15              THE COURT:  Okay.
16              MR. PARENTE:  They were produced promptly.
17              THE COURT:  Okay.
18              MR. PARENTE:  You know, we -- right, they were
19  produced promptly.  We don't have the other ones.
20              THE COURT:  You mean anything that wasn't produced
21  voluntarily by the government or anything that I said didn't
22  need to get produced?
23              MR. PARENTE:  Right.
24              THE COURT:  Okay.
25              MR. PARENTE:  And the only other thing I'll note,
```