# EXHIBIT D

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   UNITED STATES OF AMERICA       ) Case No. 25 CR 636-1 and 2
                                    )
 4             v.                   )
                                    )
 5   MARIMAR MARTINEZ and ANTHONY   )
     IAN SANTOS RUIZ,               ) Chicago, Illinois
 6                                  ) November 20, 2025
                    Defendants      ) 4:00 p.m.
 7

 8            TRANSCRIPT OF PROCEEDINGS - MOTION
           BEFORE THE HONORABLE GEORGIA N. ALEXAKIS
 9
     APPEARANCES:
10   For the Government:   HON. ANDREW S. BOUTROS
                           UNITED STATES ATTORNEY
11                         BY:  MR. RONALD DE WALD
                                MR. AARON BOND
12                         Assistant United States Attorney
                           219 S. Dearborn Street, 5th Floor
13                         Chicago, Illinois 60604

14   For Defendant         CHERONIS & PARENTE LLC
     Martinez:             BY:  MR. DAMON M. CHERONIS
15                              MR. CHRISTOPHER V. PARENTE
                           140 South Dearborn Street, Suite 404
16                         Chicago, Illinois 60603

17   For Defendant Ruiz:   FEDERAL DEFENDER PROGRAM
                           BY:  MR. JACK CORFMAN
18                              MR. BENJAMIN HORWITZ
                           55 East Monroe Street, Suite 2800
19                         Chicago, Illinois 60603

20   ALSO PRESENT:         MANDELL PC
                           BY:  MR. STEVEN MANDELL
21                         1 North Franklin Street, Suite 900
                           Chicago, Illinois 60606
22

23                         *   *   *   *   *
24
                  PROCEEDINGS REPORTED BY STENOTYPE
25
        TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

1  APPEARANCES: (Continued)

2  Court Reporter:           JENNIFER COSTALES, CRR, RMR, CRC.
                             Official Court Reporter
3                            219 S. Dearborn Street, Room 1714
                             Chicago, Illinois 60604
4                            (312) 435-5895
                             jenny.uscra@yahoo.com
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    (Proceedings heard in open court:)

2    THE COURTROOM DEPUTY: Case 25 CR 636, United States
3 of America versus Marimar Martinez, United States of America
4 versus Anthony Ian Santos Ruiz.

5    THE COURT: Good afternoon, everyone. Why don't we
6 get appearances from the government.

7    MR. DE WALD: Good afternoon, Your Honor. Ron DeWald
8 and Aaron Bond on behalf of the United States.

9    THE COURT: Good afternoon.

10    And for Ms. Martinez.

11    MR. PARENTE: Good afternoon, Your Honor. Chris
12 Parente and Damon Cheronis for Ms. Martinez, who is present to
13 our left.

14    THE COURT: And for Ruiz.

15    MR. HORWITZ: Good afternoon, Judge. Ben Horwitz and
16 Jack Corfman on behalf of Mr. Ruiz.

17    THE COURT: Sir?

18    MR. MANDELL: Good afternoon, Your Honor. My name is
19 Steve Mandell. I'm here on behalf of ABC News, American
20 Broadcasting Companies. We were in the process of trying to
21 file our appearance within the last hour.

22    The reason we're here is, I know it's unusual, but to
23 ask the Court to consider granting us leave to intervene.
24 We'd be filing a written motion for leave to intervene for
25 purposes of seeking access to certain information in this

1 case, which we think is of critical importance to the public
2 in light of what's going on, not only in this case, but in
3 other cases pending in the Northern District of Illinois.
4 　　　　　So I apologize that -- we were just contacted today
5 in light of the government's motion. And so that's what we're
6 seeking is just one day, we can get our papers on file.
7 They're already in the process of being prepared. We can have
8 them on file tomorrow.
9 　　　　　THE COURT: What would be the basis for your
10 intervention?
11 　　　　　MR. MANDELL: Well, the press, as the eyes and ears
12 of the public, have a right to know about certain information,
13 and this case, I think, is filled with irregularities that
14 raise questions about the government's conduct.
15 　　　　　THE COURT: What information would you get from me?
16 　　　　　MR. MANDELL: Well, I think there are, for example,
17 body cam footage has been described.
18 　　　　　THE COURT: But why would that intervention motion be
19 filed with me as opposed to brought through a FOIA motion,
20 through a FOIA case?
21 　　　　　MR. MANDELL: Because the law in the Seventh Circuit
22 is the press has a right to intervene in matters of public
23 concern to seek information that is of public concern,
24 provided that that information has an impact or was somehow
25 involved in a court's decision or in this case the

1   government's decision to abandon a case abruptly.

2           So there are ways of seeking access to information
3   besides FOIA.  And one of them, for example, we've intervened
4   in the Chicago Headliners Club case on behalf of the media in
5   that case.  So it's very common for the media to seek
6   intervention in matters of public concern before the courts.

7           There is a presumptive right of access to information
8   that is submitted to the courts for a decision or that
9   persuades the court in just taking certain action.

10          THE COURT:  I suppose my point is that I don't have
11  any information that's not on the docket.

12          MR. MANDELL:  Well, the fact that you didn't review
13  specifically -- first of all, there is a protective order.  I
14  don't know exactly what the Court has reviewed, but --

15          THE COURT:  I'm not a party to the protective order.

16          MR. MANDELL:  Pardon me?

17          THE COURT:  I'm not a party to the protective order.

18          MR. MANDELL:  No, I understand.  But to the extent
19  the Court either reviewed, considered or was persuaded by some
20  information in the case, whether it was submitted to Your
21  Honor --

22          THE COURT:  I have made no decisions in this case.

23          MR. MANDELL:  You may not have made a decision.
24  You're going to be asked to pass on the government's motion to
25  abandon a case, a case that has --

1    THE COURT: This is not the appropriate time for you
2 to be speaking. We are here on a motion to dismiss an
3 indictment between the actual parties in the case.
4    If you want to file your motion to intervene after I
5 rule on this motion, then I will take it under consideration
6 at that time. All right.
7    MR. MANDELL: Could I just ask one thing? If you do
8 rule on the motion, could it be subject to a later motion for
9 intervention? I'm only concerned that maybe --
10    THE COURT: No. That is a legal argument that you
11 will need to make at that time.
12    MR. MANDELL: Okay. Thank you, Your Honor.
13    THE COURT: I'm not delaying resolution of this case
14 in order to permit a third party to hijack the proceedings.
15    MR. MANDELL: Well, Your Honor, with respect, I don't
16 think that when --
17    THE COURT: I think you could have entered your
18 appearance and I think you could have gotten your motion to
19 intervene on time, on file before 4:00 p.m. today. And I
20 don't think it is appropriate when there is a motion to
21 dismiss an indictment pending in front of me, which is the
22 matter at hand, for you to be making arguments that I haven't
23 had the benefit of briefing on at this time.
24    MR. MANDELL: I understand, Your Honor.
25    THE COURT: Okay. So I'm going to deal with the

```
 1   motion that is in front of me right now.
 2              MR. MANDELL:  Understood, Your Honor.
 3              THE COURT:  Thank you.
 4              All right.  So what I have in front of me is the
 5   government's motion to dismiss the indictment.
 6              Actually, before I get -- before we leave
 7   Mr. Mandell, I should check in with the parties and see if
 8   anyone has a different view, starting with the government.
 9              MR. DE WALD:  No, Your Honor.  We have no different
10   view.
11              THE COURT:  Mr. Parente.
12              MR. PARENTE:  We would object to any delay for the
13   Court to take in this matter.
14              THE COURT:  I'm sorry, what do you mean by that?
15              MR. PARENTE:  I think counsel is asking for you to
16   delay the entry of whatever you are going to do today and/or
17   give him more time to file a motion.  We're objecting to any
18   delay.  We want this heard right now.
19              THE COURT:  And what is the basis for that,
20   Mr. Parente, your position?
21              MR. PARENTE:  Our position is that, Your Honor, when
22   you grant this motion, that the case is over and our client
23   can go back to her normal life.
24              THE COURT:  And for Mr. Ruiz.
25              MR. HORWITZ:  We don't have any different position
```

1 than what's already been said by the Court, the government and
2 Mr. Parente.
3       THE COURT: Okay. Thank you, Mr. Horwitz.
4       All right. So then turning my attention to the
5 government's motion to dismiss the indictment. A question I
6 have for the government is whether the dismissal would be with
7 or without prejudice.
8       MR. DE WALD: So the defense counsels have both asked
9 us about that. Your Honor, we are not seeking any tactical
10 advantage here, but we do not intend to refile these charges
11 and, therefore, we have no objection to that request by the
12 defense.
13       THE COURT: That the dismissal be with prejudice?
14       MR. DE WALD: Correct.
15       THE COURT: Okay. All right. Anything else that we
16 need to consider then before I grant the motion?
17       MR. DE WALD: Not from the government.
18       MR. PARENTE: We're officially moving that it be
19 dismissed with prejudice. It sounds like there is no
20 objection to that. And then we've spoken to the government,
21 who has agreed to return Ms. Martinez's property.
22       MR. DE WALD: With the exception of her car at this
23 time, but --
24       THE COURT: That's all subject to the parties'
25 agreement?

| | |
|---|---|
| 1 | MR. PARENTE: Well, once the case is gone -- yeah, I |
| 2 | mean, the government has agreed to return the firearm, her |
| 3 | phone, her keys. My understanding is that the vehicle is the |
| 4 | subject of a separate investigation by another office. So |
| 5 | we're okay with them doing -- we're happy about that, so. |
| 6 | THE COURT: You don't need Court -- |
| 7 | MR. PARENTE: No. |
| 8 | THE COURT: You don't need me to make a decision is |
| 9 | what you are saying? |
| 10 | MR. DE WALD: Correct. |
| 11 | THE COURT: All right. Mr. Ruiz, or counsel for |
| 12 | Mr. Ruiz. |
| 13 | MR. HORWITZ: We'd join in the request for the case |
| 14 | to be dismissed with prejudice. And we've already discussed |
| 15 | Mr. Ruiz's property with the government. |
| 16 | THE COURT: Okay. All right. So not hearing any |
| 17 | objection to the government's motion to dismiss the |
| 18 | indictment, and not hearing any objection from the government |
| 19 | that the dismissal be with prejudice, the matter will be |
| 20 | dismissed as to both defendants with prejudice. |
| 21 | All deadlines, hearing dates, trial dates, et cetera, |
| 22 | are vacated. |
| 23 | MR. PARENTE: Thank you, Your Honor. |
| 24 | MR. DE WALD: Thank you, Your Honor. |
| 25 | MR. CHERONIS: Thank you. |

1          (Proceedings concluded at 4:07 p.m.)

2

3                    *   *   *   *   *

4          I certify that the foregoing is a correct transcript

5  from the record of proceedings in the above-entitled matter.

6  /s/JENNIFER COSTALES                 November 21, 2025
   _____       _____
7  Jennifer Costales, CRR, RMR, CRC     Date
   Official Court Reporter
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25